NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                         )
                                          )
         Appellant,              )
                                          )
v.                                        )          Case No. 2D15-3573
                                          )
IAN MANUEL,                               )
                                          )
         Appellee.               )
_____)

Opinion filed August 5, 2016.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellant.

Peter M. Dennis, Fort Myers, and Bryan
A. Stevenson of Equal Justice Initiative,
Montgomery, Alabama, for Appellee.


SILBERMAN, Judge.

        The State appeals the order granting Ian Manuel's motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Manuel

challenged his sentence of sixty-five years in prison to be followed by two years of

community control and eight years of probation for a robbery with a firearm that he

committed in 1990 when he was thirteen years old. The order provides that Manuel is entitled to resentencing pursuant to Peters v. State, 128 So. 3d 832, 851-55 (Fla. 4th DCA 2013).

Manuel is also serving a forty-year sentence for the life felony of attempted murder with a firearm that arose from the same incident as the robbery with a firearm. In Peters, the Fourth District determined that Graham v. Florida, 560 U.S. 48 (2010), created a statutory anomaly in which the maximum penalty for an aggravated first-degree felony is more harsh than the sentence a juvenile who commits a life felony faces; therefore, the Eighth Amendment requires that a juvenile's sentence for an aggravated first-degree felony committed during the time the statutory anomaly existed, between October 1, 1983, and July 1, 1995, not exceed forty years in prison. See 128 So. 3d at 854-55. We agree with Peters to the extent that it requires Manuel to be resentenced to no more than forty years in prison on the 1990 offense of robbery with a firearm in count one due to the statutory anomaly. Thus, we affirm the trial court's order.

Affirmed.

CASANUEVA and CRENSHAW, JJ., Concur.